IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEROME WALKER,

                          Plaintiff,

     v.

C.O. LEIBERT, C.O. RUDIE, NURSE WEST
and JANE DOE,

                          Defendants.

OPINION AND ORDER

20-cv-699-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jerome Walker, who is incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has filed a proposed complaint alleging that prison staff violated his rights under the Eighth Amendment by failing to provide him with access to timely medical care for his breathing problems.  His complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether any portion of his complaint is frivolous, malicious, fails to state a claim upon which relief many be granted or seeks monetary relief from a defendant who is immune from such relief.  For the reasons explained below, I am dismissing his complaint because his allegations do not state a claim under the Eighth Amendment upon which relief may be granted against any of the defendants.

      Plaintiff alleges the following facts in his complaint.

1

ALLEGATIONS OF FACT

Plaintiff Jerome Walker is currently incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin.  Defendants all employed at the institution:  defendants Leibert and Rudie are correctional officers and defendants West and Doe are nurses.

Plaintiff has asthma for which he uses inhalers with albuterol (as needed) and ciclesonide (twice a day).  On June 12, 2018, plaintiff started having problems with his breathing, including shortness of breath, dizziness and tightness in his chest.  Because the albuterol was not helping, plaintiff hit his emergency call button and told Sergeant Saylor (not a defendant) that he was having difficulty breathing.  Saylor sent defendant Leibert to check on plaintiff.  When plaintiff told him what was happening, Leibert said "quit your bitching and man up."  Defendant Rudie also came to plaintiff's cell but did nothing to assist him, even though Rudie saw that plaintiff was having problems breathing.  Both Leibert and Rudie told Saylor that plaintiff did not appear to be having an emergency.

Plaintiff again used the intercom to call Saylor, who said that he already had spoken with defendant Doe in the health services unit and was told to tell plaintiff to submit a health service request to be seen.  Approximately an hour and a half later, defendant West went to plaintiff's cell to deliver his bedtime medication.  Plaintiff explained to her that he could hardly breathe and that his inhaler was not helping.  West told plaintiff to submit a health service request and pay a co-pay to be seen.  Sometime later, plaintiff was taken to the health services unit where West saw him.  West provided plaintiff with something to breathe in until he could catch his breath and then sent him back to his cell.  Plaintiff filed an inmate complaint against defendants on June 21, 2018.

OPINION

To prevail on a medical care claim under the Eighth Amendment, a prisoner must show that the defendant was "deliberately indifferent" to a "serious medical need." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006). The condition does not have to be life threatening. Id. A medical need may be serious if it "significantly affects an individual's daily activities," Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, Cooper v. Casey, 97 F.3d 914, 916-17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, Farmer v. Brennan, 511 U.S. 825 (1994). Delay in treatment may constitute deliberate indifference if the delay unnecessarily prolongs the prisoner's pain. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012).

"Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but are disregarding the risk by failing to take reasonable measures. Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997). Under this standard, plaintiff's claim has three elements:

(1) Does plaintiff need medical treatment?

(2) Do defendants know that plaintiff needs treatment?

(3) Despite their awareness of the need, are defendants failing to take reasonable measures to provide the necessary treatment?

3

Plaintiff's allegations that he suffers from asthma which causes breathing problems and for which he needs two medications are sufficient to show that he has a serious medical condition. However, plaintiff's allegations that defendants Leibert and Rudie should have considered his breathing problems to be an emergency and done something to get him assistance more quickly are not sufficient to state a deliberate indifference claim against them. Although plaintiff takes issue with the fact that Leibert and Rudie did not make his emergency clear to Saylor, plaintiff spoke directly with Saylor on two occasions and told him about the problems he was having. Saylor responded by contacting the health services unit, which made the decision not to treat plaintiff's condition as an emergency. Further, Leibert and Rudie are part of the security staff, not the medical staff. They did not make the decision about whether plaintiff could be seen by the health services unit, and they were entitled to defer to the decisions made by medical staff about plaintiff's need for immediate medical care. Leiser v. Kloth, 933 F.3d 696, 705 (7th Cir. 2019); Miller v. Harbaugh, 698 F.3d 956, 962 (7th Cir. 2012) ("[D]efendants cannot be [held liable under the Eighth Amendment] if the remedial step was not within their power."). Therefore plaintiff may not proceed on an Eighth Amendment claim against defendants Leibert and Rudie.

Plaintiff also alleges that defendants Doe and West should have had plaintiff taken to the health services unit immediately rather than require him to complete a health service request, tell him that he had to pay a co-payment and make him wait more than an hour and a half to be seen. However, plaintiff's allegations do not suggest that he faced an emergency or that defendants failed to take reasonable measures to provide him treatment. He alleges

4

that he was having difficulty catching his breath, felt dizzy and had chest tightness, but his allegations do not suggest that he needed emergency assistance. He was able to communicate with Saylor and defendants Leibert, Rudie and West over the intercom and in person. In addition, when defendant West saw plaintiff personally during the medication pass, she did not assess him with needing immediate medical care. Although I understand that plaintiff disagrees with the decision made by defendants Doe and West not to see him immediately, a disagreement about treatment is not enough to support a constitutional claim. Lockett v. Bonson, 937 F.3d 1016, 1024 (7th Cir. 2019) (disagreements about medical treatment are not enough, by themselves, to establish Eighth Amendment violation). Moreover, plaintiff's breathing problems did not go untreated for a significant amount of time. West saw plaintiff within a few hours of his initial complaint to Saylor and provided plaintiff with a simple breathing treatment before sending him back to his cell. Therefore, plaintiff may not proceed against defendant Doe or West. Accordingly, his complaint will be dismissed.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Jerome Walker's failure to state a claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 29th day of September, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge